Dale K. Berger, Appellant *v.* Zoning Hearing Board of the Borough of Mifflinburg, Appellee.

Argued September 12, 1984, before Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*Wayne A. Bromfield, Brann & Bromfield,* for appellant.

*Preston L. Davis, Davis, Davis & Kaar,* for appellee.

OPINION BY JUDGE ROGERS, October 16, 1984:

Dale K. Berger has appealed from an order of the Court of Common Pleas of Union County affirm-

ing an order of the Mifflinburg Borough Zoning Hearing Board.

The appellant applied for a special exception to convert his single family residence to a three-family dwelling, one unit having an area of about 1,016 square feet, and the other two respectively, 736 and 767 square feet.

As the Union County Court of Common Pleas received no evidence, our review is solely of the zoning hearing board order.

The appellant's dwelling is located in the R-1B Urban Residential zoning district, where two-family and multi-family dwellings are allowed by special exception. Both the zoning officer and the chairman of the Mifflinburg Borough Planning Commission recommended the grant of the special exception as requested. No one appeared in opposition to the appellant's application at the zoning hearing board hearing and there was no evidence presented tending to show that the exception as applied for would threaten the health, safety or general welfare of the neighbors.

The board granted the special exception, but with a limitation of the number of units to two, each to have an area of at least 1,000 square feet.

The appellant contends that the board committed an abuse of discretion in imposing the limitation.

The pertinent regulations in the R-1B zoning district are:

*R-1B Urban Residential District*

. . . .

2.  *Accessory Uses:*

All accessory uses permitted in an R-1A Zone

Other accessory uses customarily appurtenant to a permitted use

3. *Special Exceptions:* All special exceptions in an R-1A Zone

The applicable regulations in the R-1A district are:

*R-1A Suburban Residential District*

. . . .

3. *Special Exceptions*

Two-family and multi-family dwellings, including garden apartments, provided that there shall not be less than 5,000 square feet per dwelling unit of net land area for two-family dwellings; 3,000 square feet per dwelling unit for multi-family and garden apartment dwellings.

The appellant's lot contains more than the 9,000 square feet required for the conversion to a three-unit dwelling. The board explained its limitations as based on general, nonobjective provisions of the ordinance relating to the health, safety and welfare and on ordinance Section 69(2)(1)(c), a provision of general applicability, which provides as follows:

(1) *Conversions, Year-Round Dwellings.* Conversion of a single-family residence to a two-family residence shall be permitted, provided that:

. . . .

(c) Such structure shall contain not less than 1,700 square feet of living space and no dwelling unit therein shall contain less than 850 square feet of living space.

The board's reliance on this provision was error because first, the appellant's application was for a conversion to multi-family and not to two-family use and second, the board, in requiring 1,000 square feet for each of the two units allowed, exceeded the 850

square feet minimum allowed by the provision which it invoked.

A landowner who shows that his proposal for a special exception complies with all of the special requirements of the regulations has identified his proposal as appropriate in the district and as presumptively consistent with the health, safety and welfare of the community. *Bray v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 523, 527, 410 A.2d 909, 911 (1980). This showing casts upon objectors the burden of showing the proposal to be detrimental to health, safety and general welfare or to general nonspecific provisions of the ordinance. *Id.*

The appellant showed that his proposal complied with the applicable specific requirements for the special exception. There having been no protestants and no showing of injury to health, safety and welfare or violation of nonobjective ordinance provisions, there was no basis in this record for the board's imposition of any limitations.

It is true that Section 913 of the Pennsylvania Municipalities Planning Code[1] permits the imposition of "reasonable conditions and safeguards" upon special exceptions. However, this board's actions, in the absence of any evidence that the appellant's proposal threatened health and safety, in imposing the two-unit limitation in a zoning district in which multi-unit conversions were permitted and a square footage limitation where none was required, were manifestly unreasonable. We reiterate the apt language of the much similar case of *Appeal of Baker,* 19 Pa. Commonwealth Ct. 163, 168, 339 A.2d 131, 135 (1975).

Any other view would enable the Board to assume the legislative role of the [Borough

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10913.

Council], who, having conceived the policy behind the ordinance, have presumably translated that policy into concrete requirements. We cannot permit the Board to legislate additional conditions upon the applicant.

Accordingly, we modify the board's order granting the exception by deleting therefrom the limitations upon the number of dwelling units allowed, and their area, and affirm the order as so modified.

### Order

And Now, this 16th day of October, 1984, the order of the Court of Common Pleas is vacated; the order of the Zoning Hearing Board granting the appellant a special exception is modified by deleting therefrom the limitations upon the number of dwelling units allowed and their area; as so modified the order of the Zoning Hearing Board is affirmed.